IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THEODORE SABIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-359-ECM |
| | ) | [WO] |
| JOY SABIR, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

**I.  INTRODUCTION**

On May 5, 2025, *pro se* Plaintiff Theodore Sabir ("Plaintiff") filed this civil action

(doc. 1) seeking relief from a decision of the Circuit Court of Elmore County, Alabama

(the "state court"), specifically the Final Judgment of Divorce entered by the state court on

December 12, 2023 (doc. 1-2).  As relevant here, the Final Judgment of Divorce provides

that the Plaintiff must pay to his now-ex-wife monthly child support for the benefit of their

minor child, as well as monthly alimony for a period of sixty months. (*Id.* at 7, 9–10).  In

his amended complaint in this Court (the operative complaint), the Plaintiff claims, among

other things, that the state court exhibited bias during the divorce proceedings,

miscalculated his income, failed to consider his ex-wife's employment in awarding

support, and improperly excluded evidence regarding marital debts. (Doc. 20).  According

to the Plaintiff, these errors resulted in violations of his constitutional rights.  Construing

the amended complaint liberally, the Plaintiff brings three claims for violations of his

constitutional rights pursuant to 42 U.S.C. § 1983:  a procedural due process violation arising out of the state court's miscalculation of his income, an equal protection violation arising out of the state court's failure to consider his ex-wife's employment in awarding support, and a procedural due process violation premised upon the deprivation of his right to a neutral tribunal.  In the prayer for relief, he asks that the Court vacate or amend the Final Judgment of Divorce. (*Id.* at 3).

On October 8, 2025, the Magistrate Judge recommended that the amended complaint be dismissed for three independent reasons:  (1) lack of subject matter jurisdiction; (2) failure to state a claim; and (3) failure to comply with a Court Order. (Doc. 23).  The Plaintiff timely filed objections to the Recommendation. (Doc. 24).  After careful review, the Court concludes that the Plaintiff's objections are due to be overruled, the Magistrate Judge's Recommendation is due to be adopted as modified, and this case is due to be dismissed without prejudice for lack of subject matter jurisdiction because it is barred by the *Rooker-Feldman* doctrine.[1]

## II.  LEGAL STANDARDS

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with

---

[1] The *Rooker-Feldman* doctrine derives from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

instructions." 28 U.S.C. § 636(b)(1).  *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).  However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.").  Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

"[S]tate court litigants do not have a right of appeal in the lower federal courts," and thus the *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Behr v. Campbell*, 8 F.4th 1206, 1210–12 (11th Cir. 2021) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  When claims are barred under *Rooker-Feldman*, the federal district court lacks subject matter jurisdiction over those claims because "federal district courts are courts of original jurisdiction" and "generally cannot hear appeals." *Id.* at 1210.  "[A]ppeals of state court judgments are barred under *Rooker-Feldman*, no matter how the claims are styled." *Id.* at 1211.  "If the plaintiff's claim requires a district court to 'review' and 'reject' a state court judgment," then *Rooker-Feldman* bars

---

[2] While the Court recognizes that *Macort* is nonprecedential, the Court finds it persuasive.

the claim. *Efron v. Candelario*, 110 F.4th 1229, 1238 (11th Cir. 2024).   This Court "follow[s] a claim-by-claim approach when determining whether *Rooker-Feldman* bars a plaintiff's claims from review in a federal district court." *Id.* at 1236; *see also Behr*, 8 F.4th at 1213 ("The question isn't whether the whole complaint seems to challenge a previous state court judgment, but whether resolution of each individual claim requires review and rejection of a state court judgment.").   To decide whether *Rooker-Feldman* bars a claim, the Court must determine "whether the plaintiff seeks relief from an injury 'caused by the [state court] judgment itself' or whether he seeks damages for some independent source of injury." *Efron*, 110 F.4th at 1235–36 (quoting *Behr*, 8 F.4th at 1212).   If the injury of which the plaintiff complains is the state court judgment itself, "then *Rooker-Feldman* applies." *Id.* at 1236.

## III.  DISCUSSION

The Magistrate Judge first recommends dismissal for lack of subject matter jurisdiction, reasoning that the Plaintiff has neither sufficiently alleged diversity jurisdiction nor federal question jurisdiction, notwithstanding the amended complaint's reference to § 1983. (Doc. 23 at 5).  The Recommendation also references the *Rooker-Feldman* doctrine. (*Id.* at 5 n.5).   In his objections, the Plaintiff contends that he has properly invoked federal question jurisdiction because he brings claims for violations of his constitutional rights. (Doc. 24 at 2).  He further contends that he is "not seeking custody, visitation, or alimony modification, but a federal review of constitutional violations committed by [a] state actor," the judge who entered the Final Judgment of Divorce. (*Id.* at 3).

4

After careful *de novo* review, the Court finds that each of the Plaintiff's claims is barred under *Rooker-Feldman*. Beginning with the first procedural due process claim, the Plaintiff alleges that the state court miscalculated his income by improperly including certain funds, which resulted in a deprivation of the Plaintiff's property without due process. He requests that this Court vacate or amend the Final Judgment of Divorce. Thus, it is plain that this procedural due process claim is a "claim that the [Final Judgment of Divorce] itself caused him constitutional injury." *See Efron*, 110 F.4th at 1237 (quoting *Alvarez v. Att'y Gen. of Fla.*, 679 F.3d 1257, 1263 (11th Cir. 2012)). In other words, the Plaintiff raises the procedural due process claim so that this Court "can 'review and reject' the state court's [child support and alimony decisions]," which would violate *Rooker-Feldman*. *See Behr*, 8 F.4th at 1213. Consequently, *Rooker-Feldman* bars this procedural due process claim.

In his equal protection claim, the Plaintiff alleges that the state court improperly failed to consider his ex-wife's employment, which resulted in improper awards of child support and alimony. According to the Plaintiff, the state court's alleged error violated his equal protection rights. Like the due process claim discussed above, the equal protection claim is nothing more than a "claim that the state court judgment itself caused [the Plaintiff] constitutional injury." *See Efron*, 110 F.4th at 1237 (quoting *Alvarez*, 679 F.3d at 1263). Indeed, the Plaintiff expressly seeks amendment or vacatur of the Final Judgment of Divorce. Because resolution of the equal protection claim would require this Court to review and reject the Final Judgment of Divorce, the claim is also barred under *Rooker-Feldman*.

Third and finally, the Plaintiff alleges that his due process right to a neutral tribunal was violated because the state court exhibited partiality and an appearance of favoritism towards his ex-wife and her attorney. Like the others, this claim is a "claim that the state court judgment itself caused [the Plaintiff] constitutional injury," the resolution of which would require the Court to review and reject the Final Judgment of Divorce. *See Efron*, 110 F.4th at 1237–38 (quoting *Alvarez*, 679 F.3d at 1263); *see also id.* at 1236–37 (rejecting an aggrieved ex-husband's procedural due process claim based on the denial of the right to a neutral tribunal in a prior divorce proceeding; finding that the plaintiff's claim "amount[ed] to filing a direct appeal of the state court judgment while simultaneously trying to 'call the appeal something else'" (quoting *Behr*, 8 F.4th at 1211)). Therefore, the Court finds that *Rooker-Feldman* bars this claim also.

To be sure, the Eleventh Circuit has cautioned that *Rooker-Feldman* "will almost never apply." *Behr*, 8 F.4th at 1212. "But almost is not never." *Efron*, 110 F.4th at 1235. The Court has little trouble concluding that the Plaintiff's amended complaint "amounts to filing a direct appeal of [a] state court judgment while simultaneously trying to 'call the appeal something else.'" *See Efron*, 110 F.4th at 1237 (quoting *Behr*, 8 F.4th at 1211). For these reasons, the Court concludes that *Rooker-Feldman* bars the Plaintiff's claims, and the amended complaint is due to be dismissed without prejudice for lack of subject matter jurisdiction.[3] Consequently, the Plaintiff's objections are due to be overruled, and the Magistrate Judge's Recommendation is due to be adopted as modified.

---

[3] Because the Court lacks subject matter jurisdiction, the Court pretermits discussion of the merits. *See DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008).

## IV.  CONCLUSION

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1.     The Plaintiff's objections (doc. 24) are OVERRULED;

2.     The Magistrate Judge's Recommendation (doc. 23) is ADOPTED as modified;

3.     This case is DISMISSED without prejudice for lack of subject matter jurisdiction;

4.     All pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 3rd day of April, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE